ELBRIDGE G. TURNER *vs.* INHABITANTS OF DARTMOUTH.

The owner of land which adjoins a public highway cannot maintain an action at law against the town which is bound to keep the highway in repair, for the acts of the town officers in so repairing the highway and constructing the water bars within its limits as to cause surface water to flow in large quantities upon his land, to his injury.

TORT to recover damages for an injury sustained by the plaintiff in his mill property by reason of certain acts of the defendants in repairing a highway.

At the trial in the superior court, before *Ames*, J., it appeared by the plaintiff's witnesses that the defendants raised the surface of the highway in front of the plaintiff's mill, by placing earth thereon, and changed and re-arranged certain water bars upon a portion of the way near the mill, whereby large quantities of water were turned upon his premises. The plaintiff also offered evidence tending to show that, by the acts of the defendants, the course of the water down the hill, which was collected in the highway from a considerable water shed, but being surface water, was turned from its natural and proper course upon the plaintiff's land. The jury viewed the premises.

It appeared that all the repairs and alterations made by the defendants were for the purpose of improving the highway; and the plaintiff did not call any witnesses to show that they were executed otherwise than in a reasonably proper and skilful manner. It also appeared, upon cross-examination of the plaintiff's witnesses, that there had been a general, uninterrupted, public use of the road as a highway for more than forty years; that the defendants had worked upon it and repaired it at a period

as remote as that, and since; but it was not conceded by the plaintiff that the acts and work done by the defendants were done in a proper manner, and there was no evidence in the case of a laying out of the highway by the town, and the plaintiff denied that it ever had been laid out.

The judge instructed the jury to return a verdict for the defendants, which was accordingly done; and the plaintiff alleged exceptions.

*J. C. Stone,* for the plaintiff. Although the town were bound to keep this highway in repair, they must exercise their authority with discretion; and for an abuse thereof they are liable in an action of tort. The plaintiff was entitled to a verdict of the jury upon the question whether their manner of doing the work was proper. *Flagg* v. *Worcester,* 13 Gray, 601, and cases cited. *Benjamin* v. *Wheeler,* 8 Gray, 419. *Callender* v. *Marsh,* 1 Pick. 418. The water was not mere surface water, which had fallen on the road in rain; but was accumulated water, which was turned from its natural and proper course. The jury, having viewed the premises, had information which the judge had not, and they might well find that the work had not been properly done, although no witnesses were called to testify on that point.

*T. M. Stetson,* for the defendants.

CHAPMAN, J. The acts complained of by the plaintiff were done by the officers of the town in repairing a highway which the defendants were bound to keep in repair. Both parties assume that the defendants must be liable for the acts of their officers, if they were illegal. The acts consisted of placing earth on the road in front of the plaintiff's mill, so as to raise the surface of the road, and changing and re-arranging certain water bars a short distance westward of the mill. The effect of these alterations was to change the course of the surface water which came upon the highway, so that the water ran down upon the plaintiff's premises and injured his mill. There being a large tract of land from which the water came down upon the high-way, the injury done by it to the plaintiff was very considerable But it still remained surface water, as distinguished from water running in what is known in law as a watercourse.

It is settled that within the limits of a highway the officers of the town may construct drains and culverts, and if the surface water, after flowing in them for some distance, turns upon the land of an adjoining proprietor, no action lies for the damage thereby occasioned. *Flagg* v. *Worcester*, 13 Gray, 601, and cases there cited. *Dickinson* v. *Worcester*, 7 Allen, 19. *Barry* v. *Lowell*, 8 Allen, 127. And as the defendants are bound to make their highways safe and convenient for travellers, they and their officers are protected in doing it, so long as they act within the scope of their authority, and are not bound to submit the propriety of their judgment or their motives to the supervision of a court or jury. *Benjamin* v. *Wheeler*, 8 Gray, 409.

On the other hand, we have just decided in *Franklin* v. *Fisk*, *ante*, 211, that town officers have no right to extend their drains or culverts beyond the limits of the highway, and, if they conduct their drainage to the adjoining land, the proprietor may erect such structure as he pleases up to the line of his land, and keep off the water thereby. When a highway is laid out, a compensation is allowed to the proprietor of the land for all the damage it will occasion, both direct and incidental. When it exists as an ancient way, the adjoining proprietors purchase their lands subject to the rights of the public. One of these rights is that of keeping the travelled path free from surface water in such manner as the officers of the town think proper. These principles are decisive of this case. If the plaintiff has any remedy, it must be such as the statute gives.

*Exceptions overruled.*